UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-81386-BER

ERAN FINANCIAL SERVICES, LLC,

            Plaintiff,

v.

ERAN INDUSTRIES LTD., et al.,

            Defendants.
_____/

### ORDER DENYING PLAINTIFF'S
### MOTION FOR RECONSIDERATION (ECF No. 91)

Presently before me is a motion filed by Plaintiff Eran Financial Services, LLC (EFS) to reconsider my previous order granting Defendants' motion to dismiss EFS's Amended Complaint. ECF Nos. 90, 81. EFS seeks reconsideration of my finding that it failed to allege this Court's personal jurisdiction over Defendant Ningbo Morelux Import Export Co. Ltd. (Morelux I&E). ECF No. 90 at 11-12. With the instant motion for reconsideration, EFS contends that I raised the personal jurisdiction issue *sua sponte* and that it was not given an opportunity to show that Morelux I&E "has deep and pervasive contacts in Florida." ECF No. 91 at 5.

After conducting a *de novo* reconsideration of the issues raised by EFS, I reject its claim that it "had no notice" of the need to address the Court's personal jurisdiction over Morelux I&E, and I reach the same conclusion regarding the Court's lack of jurisdiction over that Defendant. Thus, Plaintiff's Motion for Reconsideration

is DENIED.

## **BACKGROUND**

In EFS' original Complaint, EFS alleged that Defendant Eran Industries Ltd. used alter ego entities, including Morelux I&E, to breach a contract it had with EFS to manufacture lighting products in China. ECF No. 1. In response to that Complaint, Morelux I&E filed an Answer that included an affirmative defense objecting to this Court's personal jurisdiction over it. ECF No. 40 at 5. Thereafter, EFS filed an Amended Complaint (ECF No. 83), which Defendants, including Morelux I&E, moved to dismiss under Rules 12(b)(2) and 12(b)(6). ECF No. 81. I granted that motion as it pertained to Morelux I&E without prejudice but without leave to amend. ECF No. 90 at 12. The order states in relevant part: "Given that there are no facts alleged in the Amended Complaint attributing any unlawful acts directly to Morelux I&E, insufficient facts showing this Court's jurisdiction over the entity, and because I have already rejected Plaintiff's alter ego theory of personal jurisdiction, Morelux I&E must be dismissed from this lawsuit without prejudice, but without leave to amend." *Id*.

With the instant motion for reconsideration under Rule 60(b), EFS now claims that "Morelux I&E did not join in th[e] [personal jurisdiction] aspect of the motion" and thus, "the issue was [ ] not addressed by Plaintiff" in its response. ECF No. 91 at 4.

## **DISCUSSION**

In deciding a motion for reconsideration under Rule 60(b), courts have broad discretion and may grant reconsideration if the movant establishes any of the

2

designated grounds for relief such as mistake, newly discovered evidence, fraud, etc. *See Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV, 2017 WL 6597978, at *1 (S.D. Fla. Apr. 13, 2017) (citing Fed. R. Civ. P. 60(b)). A movant can also seek relief under the catchall provision of subsection (b)(6), namely, "any other reason that justifies relief," but this "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.* (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). A motion for reconsideration "cannot be used to relitigate old matters, [or] raise argument or present evidence that could have been raised prior to the entry to judgment." *Guevara,* 2017 WL 6597978, at *1 (quoting *Smith v. Ocwen Fin.*, 488 Fed. Appx. 426, 428 (11th Cir. 2012) (citation omitted). "The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation and internal quotations omitted).

As an initial matter, I note that I granted Morelux I&E's motion to dismiss under Rule 12(b)(6) as well as Rule 12(b)(2). Therefore, EFS's argument that it did not have an opportunity to refute the lack of personal jurisdiction aspect of the motion ignores that I also dismissed Morelux I&E because "there [were] no facts alleged in the Amended Complaint attributing any unlawful acts directly to Morelux I&E." ECF No. 90 at 12. Since the Amended Complaint against Morelux I&E would have been dismissed under Rule 12(b)(6) regardless of my determination that the Court lacked personal jurisdiction, EFS's motion for reconsideration on that one issue must fail because it is moot.

In any event, I find that EFS was given adequate warning that the Court's ability to exercise personal jurisdiction over Morelux I&E was a contested issue. Indeed, the opening paragraph of Defendants' motion to dismiss specifically states that it was brought on behalf of *all* Defendants (except Mr. Ye, who has not been served) and that it sought dismissal under both Rule 12(b)(6) and Rule 12(b)(2). ECF No. 81 at 2. This opening statement, in addition to the jurisdictional affirmative defense previously raised by Morelux I&E in its Answer, was sufficient to put EFS on notice that this Court's personal jurisdiction over Morelux I&E was very much in dispute. Thus, EFS had the opportunity to address the Court's personal jurisdiction over Morelux I&E, but it failed to do so.[1]

Even now in its motion for reconsideration, EFS does not put forth sufficient facts to support its claim that Morelux I&E "has deep and pervasive contacts in Florida." ECF No. 91 at 5. Instead, it relies upon one reference in an affidavit by Defendant Ye that Defendant EI Belize used Morelux I&E to export its products to Plaintiff. ECF No. 91 at 5 (citing ECF No. 39-1 at ¶ 14). Even if EFS had included this lone fact in its Amended Complaint, it would not have been sufficient to survive a motion to dismiss by Morelux I&E under either Rule 12(b)(6) or 12(b)(2). Simply

---

[1] The cases cited by EFS are easily distinguishable. In *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257 (11th Cir. 1988), the defendant had not yet filed a motion to dismiss when the court *sua sponte* dismissed the case for lack of personal jurisdiction. *Id.* at 1258 (court erred in dismissing without giving plaintiff prior notice and an opportunity to respond). *See also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006) (personal jurisdiction defense had been waived and motion to dismiss for lack of personal jurisdiction was not pending when the court dismissed on that ground).

put, there remains insufficient evidence of this Court's personal jurisdiction over Morelux I&E.

Neither EFS's failure to allege any facts in its multiple pleadings regarding Morelux I&E's involvement in the alleged unlawful activities and its contacts with Florida, nor its failure to make any legal argument sufficient to survive attacks under Rule 12(b)(6) or 12(b)(2) in response to Defendants' motion, is a sufficient basis for reconsideration. EFS has not met it burden of showing that there were exceptional circumstances that justify the Court's reconsideration. "That the Court has discretion to reconsider its prior decisions does not make it appropriate to grant one party a mulligan after it had a fair opportunity to argue its point and lost." *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, BK Jewelry (N.Y) Inc.*, No. 11-CV-2930 (LAP), 2015 WL 8481873, at *3 (S.D.N.Y. Oct. 14, 2015).

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Reconsideration (ECF 91) is **DENIED.**

**DONE and ORDERED** in Chambers this 22nd day of May, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

5