UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-81386-BER

ERAN FINANCIAL SERVICES, LLC,

      Plaintiff,

v.

ERAN INDUSTRIES LIMITED, and
YE ZENG HUI,

      Defendants.

_____/

ERAN INDUSTRIES LIMITED,

      Third-Party Plaintiff,

v.

ERAN FINANCIAL SERVICES, LLC,
SHAI LEVITIN, and
ERAN LOGISTICAL SERVICES

      Third-Party Defendants.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 205)**

Defendant Eran Industries Limited (EIB) brings this motion for partial summary judgment (ECF No. 205) on Counts I-III of its Third-Party Complaint (ECF No. 114) for breach of contract and account stated, several of its affirmative defenses, and for judgment in its favor on the three counts in Plaintiff Eran Financial Services, LLC's (EFS) Second Amended Complaint (SAC) (ECF No. 107) for breach of contract, unfair competition and tortious interference.  I have reviewed all of the motion papers

including the parties' competing Statements of Undisputed Facts and the exhibits attached thereto, and I held oral argument on July 11, 2024. This matter is now ripe for decision. For the reasons discussed below, the motion is DENIED.

It is well settled that summary judgment is authorized only when, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Those Certain Underwriters at Lloyd's Subscribing to Policy No. 25693JB v. Capri of Palm Beach, Inc.*, 932 F. Supp. 1444, 1446 (S.D. Fla. 1996), *aff'd sub nom. Certain Underwriters v. Capri*, 128 F.3d 732 (11th Cir. 1997).

Viewing the facts in the light most favorable to EFS, there are material factual disputes regarding the primary issues in the case. Whether Mr. Ye's signature on the 2011 Supply and Services Agreement is a forgery is the factual dispute at the crux of this case and it should be determined by the jury. *See Ellis v. Warner*, No. 15-10134-CIV, 2018 WL 4846762, at *6 (S.D. Fla. Jan. 19, 2018) (if evidence of forgery exists it "should be weighed by a jury at trial"). Whether EIB's transfer of $1.1 million into EFS's bank account constituted a loan that has not been repaid involves factual disputes that must be resolved by a jury. While EIB contends that EFS committed a first breach by failing to pay EIB's invoices, there are factual disputes regarding whether the parties' course of conduct negated the deadline for payment as indicated

2

on the invoices.  There is also a factual dispute as to whether EIB's invoices contained overcharges such that a reasonable jury could conclude that it committed a first breach, thereby relieving EFS of its obligation to perform.  *See Indemnity Ins. Corp. of DC. v. Caylao*, 130 So. 3d 783, 786 (Fla. Dist. Ct. App. 2014) (material breach by one party excuses the performance by the other). With regard to the amount of damages claimed by EFS, that issue is also for the jury to decide, however, at trial, I will limit the introduction of evidence for damages that EFS did not properly disclose or were not incurred directly by EFS.  *See Body Details LLC v. Dominion Aesthetic Techs., Inc.*, No. 23-80926-CV, 2024 WL 889257, at \*3 (S.D. Fla. Jan. 23, 2024) (plaintiff cannot claim damages suffered by third parties); *Fuller v. Carollo*, No. 18-24190-CIV, 2021 WL 2143743, at \*4 (S.D. Fla. May 24, 2021), aff'd, No. 21-11746, 2022 WL 333234 (11th Cir. Feb. 4, 2022) (same).

The parties are hereby **ORDERED** to attend a settlement conference with United States Magistrate Judge Ryon McCabe.  The settlement conference will be conducted remotely via Zoom.  By **July 23, 2024**, counsel shall file a joint notice proposing three dates for a settlement conference to occur by **August 16, 2024.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 18th day of July 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE