## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No. 21-CV-81386-REINHART

ERAN FINANCIAL SERVICES, LLC,

        Plaintiff,

v.

ERAN INDUSTRIES LIMITED, and
YE ZENG HUI,

        Defendants.

_____/

ERAN INDUSTRIES LIMITED,

        Third-Party Plaintiff,

        v.

ERAN FINANCIAL SERVICES, LLC,
SHAI LEVITIN, and
ERAN LOGISTICAL SERVICES

        Third-Party Defendants.

_____/

### <u>ORDER ON MOTIONS IN LIMINE</u>

Plaintiff/Counter-Defendant and Third-Party Defendants (collectively "EFS") filed an omnibus Motion in Limine. ECF No. 274. Defendant/Counter-Plaintiff ("EIB") filed eight Motions in Limine. ECF Nos. 267, 268, 269, 270, 271, 272, 273, 280.[1] I have reviewed the Motions, the Responses and the Replies, and I held oral

---

[1] EIB also filed a related motion to exclude EFS's proffered testimony by Eran Levitin regarding damages calculations. ECF No. 318.

argument on September 30, 2024. This written order memorializes and supplements my oral rulings at the final pretrial conference. If there are any discrepancies, this Order controls.

It is ORDERED that:

1. **EFS's Omnibus Motion in Limine [ECF No. 274]** is GRANTED IN PART and DENIED IN PART. It is DENIED insofar as it asks to preclude (1) EIB from arguing that EFS owes $18,316,115.27, (2) EIB from arguing that it made loans to EFS or that any funds transferred between EIB and EFS were loans, (3) EIB from introducing evidence that EFS has failed to pay invoices on other occasions to EIB or to third parties, and (4) EIB from arguing that Shai Levitin, Dan Levitin, EFS, Eran Logistical Services, LLC, and/or Eran New Product Development, LLC engaged in fraudulent conveyances. All of these individuals and companies are listed in the Pretrial Stipulation and Joint Proposed Jury Instructions as alleged fraudulent transferees.

It is GRANTED insofar as it asks that EIB be precluded from (1) offering evidence about who allegedly forged Mr. Ye's signature on the Supply and Services Agreement; the identity of the alleged forger is irrelevant to the claims and defenses in this lawsuit; and (2) that Eran Levitin engaged in fraudulent transfers. None of the allegedly fraudulent transfers identified in the Pretrial Stipulation or Joint Proposed Jury Instructions mention non-party Eran Levitin. ECF No. 277 at 13-14. This ruling is without prejudice to EIB moving for reconsideration if there is

admissible evidence that Eran Levitin, in his individual capacity, was involved in the allegedly fraudulent transfers.

2.    **EIB's Motion in Limine to Preclude EFS from Introducing Evidence of IP not Disclosed and Specifically Identified in Discovery [ECF No. 267]** is GRANTED.

EIB's amended Interrogatory #4 asked EFS to "Identify and describe the proprietary tooling(s), intellectual propert(ies), or trade secret(s) of EFS that it alleges EI Belize wrongfully utilized ('EFS IP'), including but not limited to a visual representation of the EFS IP, and the customers and products associated with each EFS IP." EFS's Response was:

––––––––––

**AMENDED INTERROGATORY NO. 4:**

Identify and describe the proprietary tooling(s), intellectual propert(ies), or trade secret(s) of EFS that it alleges EI Belize wrongfully utilized ("EFS IP"), including but not limited to a visual representation of the EFS IP, and the customers and products associated with each EFS IP.

**RESPONSE:**  The EFS IP misappropriated by EI Belize is identified as follows:

- IP - Product Images, Spec Sheets, Emails, Paid Toolings
- Invoice & Payment Remittances
- Eran New Product Development/EFS Projects
- Product Specification & Images
- Toolings

Support for each can be found at:
https://drive.google.com/drive/folders/1sdlN7-hVnit871z6jV5WRLtlNM1FWq9z?usp=drive_link

Dated:   October 13, 2023

3

ECF No. 155-23 at 5. EIB says that, after reviewing the materials on the Google Drive, it "was able to identify 202 designs/advertisements, two spreadsheets listing tooling, and 10 install videos that could reasonably be understood to identify IP." ECF No. 267 at 3.

Federal Rule of Civil Procedure 33(d) allows a party to respond to an interrogatory by specifying business records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). Interrogatory 4 asked EFS to identify the tooling, intellectual property, and trade secrets that *it alleged* had been misused. There is no way for EIB to readily determine that answer on its own from EFS's business records. Nevertheless, EIB has identified approximately 214 items that it construes as being responsive to Interrogatory 4. By its Motion in Limine, it seeks to limit proof at trial to those 214 items.

In its Response, EFS does not address whether its response to Interrogatory 4 was limited to these 214 items. ECF No. 290. It implies that there are more than 214 responsive items, but does not identify them. Instead, it argues only that this unidentified evidence is "highly relevant and probative", not unduly prejudicial, and crucial to its damages claim.

EFS has had ample opportunity to identify the intellectual property that it says was misappropriated. By not offering any specifics beyond the 214 items identified by EIB, it has impliedly agreed to EIB's position. Therefore, for purposes

of trial, EFS may not argue or offer evidence that EIB misappropriated any intellectual property other than the 214 items.

3.    **EIB's Motion in Limine to Deem Certain Facts Admitted and to Preclude Testimony or Evidence by Plaintiff and Third-Party Defendants that Contradicts Judicial Admissions [ECF No. 268]** is GRANTED IN PART and DENIED IN PART. EFS is bound by its responses to EIB's Requests for Admission. A matter "admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). EFS never moved to amend or withdraw its admissions, so they remain binding for purposes of this litigation.

As EIB concedes, nothing in this Order precludes EFS from offering other admissible evidence to supplement, but not contradict, its admissions. ECF No. 293 at 3 ("EIB recognizes that EFS has disputed the amount due and owing, and to the extent those affirmative defenses were properly pled, there is no basis to exclude evidence of such defenses, which will be determined by the jury."). EFS is not precluded from introducing timely-disclosed and otherwise-admissible evidence that the invoiced amounts should be reduced because of payments, non-conforming goods, rebates, credits, or other set-offs. EIB retains the right to object to this evidence when it is offered.

5

EFS is not bound by its failure to genuinely dispute paragraphs 3, 4, 5, and 11.10 of EIB's Statement of Undisputed Material Facts in Support of Its Motion for Partial Summary Judgment. ECF No. 206. In its statement of facts, EIB proposed:

> 3.  There is no distinction between EFS, ELS, Eran NPD or the other entities owned or controlled by Shai, Dan and Eran Levitin.

> 4.  Dan Levitin, Shai Levitin's son, is the manager of U.S. operations for EFS and its related companies.

> 5.  Eran Levitin, Shai Levitin's son, also manages EFS and its related companies.

> 11.  The 545 invoices contain the final written terms of EFS' and EIB's contracts.

Each of these facts cited supporting evidence in the record.

In response, for paragraph 3, EFS said, "Not disputed for purposes of summary judgment; indeed, this admission is the basis for many of the damages incurred by EFS." ECF No. 220 at 2. For paragraphs 4 and 5, EFS said, "Not disputed." In response to paragraph 11's assertion that the 545 invoices contained the final written terms of the contracts between the parties, EFS gave an 11-part, mostly-non-responsive answer. In subparagraph 11.10, EFS said, "The resulting closing AP balance is $12,412,339.56," citing paragraph 39 of Eran Levitin's sworn declaration. ECF No. 220 at 4. EIB argues that EFS is bound by these statements.

EIB says that whenever a litigant does not dispute a proposed statement of fact as part of its summary judgment pleadings, that fact becomes a judicial admission that is binding for purposes of trial. That argument goes too far. Federal Rule of Civil Procedure 56(g) says, "If a court does not grant all the relief requested

6

by the [summary judgment] motion, it may enter an order stating any material fact
— including an item of damages or other relief — that is not genuinely in dispute and
treating the fact as established in the case." Fed. R. Civ. P. 56(g). Under EIB's
argument, Rule 56(g) would be moot because undisputed summary judgment facts
would be admitted even without a court order.

       I find that EFS is not bound by its responses to EIB's Statement of Undisputed
Facts. Nothing in this Order precludes EIB from trying to prove these facts through
other evidence.

       **4.**    **EIB's Motion In Limine to Preclude Plaintiff and Third Party
Defendants From Using Any Version of the Supply Services Agreement at
Trial [ECF No. 270]** is DENIED, without prejudice to EIB objecting to the
admissibility of particular evidence at the time it is offered.

       **5.**    **EIB's Motion to Strike Witnesses and Limit Testimony at Trial
[ECF No. 273]** is GRANTED IN PART and DENIED IN PART.

     a. EFS cannot call A. Mitchell Greene as a witness at trial. EFS concedes that
       Mr. Greene was not timely disclosed. It has not made a showing that this
       untimely disclosure was harmless or resulted from excusable neglect. Fed.
       R. Civ. P. 37(c); *Mitchell v. Ford Motor Co.,* 318 F. App'x 821, 824 (11th Cir.
       2009) ("The burden of establishing that a failure to disclose was

substantially justified or harmless rests on the nondisclosing party.")
(citation omitted).

b. The request to strike the corporate representative witnesses is DENIED AS
MOOT.

c. The request to exclude or limit the testimony of Nora Onofrio and Erik Feng
is DENIED without prejudice. EIB can object to specific questions or topics
when they testify.

6. **EIB's Motion to Preclude Testimony and Evidence of the Parties'
Course of Dealing [ECF No. 272]** is DENIED without prejudice. EIB moves to
exclude evidence that the parties' course of dealing meant that EFS did not have to
pay EIB on the dates set forth in the invoices. ECF No. 272 at 4. Relying on the
Florida Uniform Commercial Code, EIB says this evidence is not relevant or, if
relevant, unduly prejudicial. *Id*. at 4-11. EFS cannot argue that "course of dealing"
evidence (as that term is used under the Florida Uniform Commercial Code) affected
the terms of any contracts created through payment invoices. But, at this stage, I will
not preclude EFS from seeking to introduce evidence that EIB historically did not
enforce the payment terms of the invoices (and thereby waived or excused breach(es)
arising from late payment of invoices) and/or that the parties typically engaged in
periodic auditing and reconciliation processes whereby EIB would make an
adjustment to the amount due. Such testimony may be relevant to (1) whether EFS's
non-payment of any invoice(s) was a first breach that excused EIB from the Sales and

8

Services Agreement and/or (2) the amount of damages claimed by EIB. EIB may renew its objection to specific evidence when it is offered at trial.

7.   **EIB's Motion to Preclude Testimony and Evidence of a Partnership, Joint Venture or Profit Sharing [ECF No. 271]** is GRANTED. "[A] party's theory of the case at trial is, in general, limited to the party's pleadings." *Gov't Emps. Ins. Co. v. Seco*, No. 21-24155-CIV, 2022 WL 17582576, at *5 (S.D. Fla. Dec. 12, 2022). EFS did not plead in the Second Amended Complaint or in its affirmative defenses that the parties operated as a single enterprise. On the contrary, EFS contends that the Supply and Services Agreement governs the parties' relationship, and it specifically states "Each party agrees it is and will be an independent contractor as to the other party and not an agent, employee, partner or joint venturer of or with the other party . . ."  ECF No. 107-1 at § 13.10. Moreover, EFS's claims (breach of contract, tortious interference, and unfair competition) cannot apply to a single entity interacting with itself. EFS's attempt to advance a new "joint venture" theory of the case at the eleventh-hour fails. EFS is precluded from eliciting testimony or making legal argument that the parties' course of dealing demonstrates an organizational structure that "transcended a mere independent contractor arrangement."  ECF No. 286 at 3.

8.  **EIB's Motions to Preclude Evidence of Monetary Damages including Eran Levitin's Testimony about Damages and Damage Calculations Worksheets**

**[ECF Nos. 269, 280, 318]** are GRANTED. EFS has offered three damages calculations and/or models in this litigation. First, in its Rule 26 initial disclosures, it stated that it was seeking $9.5 million for misappropriation of EFS's confidential business data and over $880 million "based on the net present value of lost business revenue." ECF No. 269-1 at 12. Second, EFS's corporate representative, Eran Levitin, sat for a deposition *after* the close of discovery and provided a different damages model listing thirteen types of damages with a total between $440 and $520 million. ECF No. 211-1. Finally, on August 30, 2024, EFS disclosed a third damages model via a declaration from Eran Levitin which calculated several damages "scenarios" resulting in somewhere between $49 million and $1.5 billion in damages. ECF Nos. 311, 311-1. EFS also seeks disgorgement in an undisclosed amount. *See* ECF No. 107 ¶¶ 67, 78; ECF No. 277 at 24. EIB seeks to exclude each of these damages models and request for disgorgement and preclude EFS from presenting any new damages theories at trial. *See* ECF Nos. 269, 280, 318.

EIB makes three overarching arguments: (1) EFS never disclosed a computation of damages as required by Federal Rule of Civil Procedure 26(a)(1); (2) EFS has not pointed to any evidence that would establish damages with "reasonable certainty"; and (3) the only witness EFS seeks to use to establish damages, Eran Levitin, cannot testify about damages as a lay witness. *See* ECF No. 269 at 5; ECF No. 280 at 8–9; ECF No. 318 at 4–6. The Court will set forth the relevant legal principles before turning to EFS's proffered damages evidence.

*First*, Rule 26 requires parties to disclose damages calculations, and the evidence supporting those calculations, early in discovery so that the opposing party has an opportunity to evaluate those claims during discovery. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 37 sanctions any party that fails to do so by barring use of undisclosed evidence at trial "unless the failure was substantially justified or is harmless." *Id.*; *see also Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006) ("[T]he party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless."). Courts routinely exclude evidence of damages when a party fails to give proper notice of both its theory and computation of damages. *See Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1222 (11th Cir. 2010).

*Second*, the party seeking damages bears the burden to establish damages with "reasonable certainty." *Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1213 (11th Cir. 2006). A party may not present a damages model based primarily on speculation. *Id.* The party seeking damages must present "some standard by which the amount of damages may be adequately determined." *Id.* (quoting *W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd.*, 545 So. 2d 1348, 1350–51 (Fla. 1989)); *see also Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1222 (11th Cir. 2018) ("Whether damages are speculative must be determined by inquiry into both causation of the damage and measurement of damages. . . . Proof must show with reasonable certainty that the plaintiff suffered damages and that the damages flowed as the natural and proximate result of defendant's . . . conduct.")

(quoting *Aldon Indus., Inc. v. Don Myers & Assocs., Inc.*, 517 F.2d 188, 191 (5th Cir. 1975)).

*Third*, lay witnesses may only offer opinion testimony if it is "rationally based on the witness's perception," and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. "While lay witnesses may testify about their own immediate perceptions, testimony that blurs into supposition and extrapolation crosses the line into expertise." *Lebron v. Sec'y of Fla. Dep't of Children & Families*, 772 F.3d 1352, 1372 (11th Cir. 2014); *see also Ortega-Guzman v. Sam's E., Inc.*, No. 16-81977-CIV, 2018 WL 6308708, at *2 (S.D. Fla. Oct. 31, 2018) ("Expert witnesses may hypothesize; lay witnesses may not."). Generally, lay witnesses are not permitted to testify about "future earning capacity" when the calculation involves variables like "growth rates, discounting future losses to present value, and calculating work life expectancy." *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-595T-24-TGW, 2007 WL 3231780, at *2 (M.D. Fla. Oct. 30, 2007).

Applying these principles to this case, none of EFS's proposed damages evidence is admissible. The first model, in which EFS seeks $9.5 million for misappropriation and $880 million for lost revenues, is inadmissible because EFS has not pointed to any evidence supporting these calculations, which makes the damages model speculative. *See Nebula Glass*, 454 F.3d at 1213. EFS has not disclosed how it came to these calculations. It simply states that EIB had the chance to depose Eran Levitin about damages generally, but it does not cite to any portions of that deposition in which Eran explained the damages calculations with "reasonable certainty." In

12

fact, Eran gave *different* damages numbers at his deposition. EFS has not cited any other record evidence supporting this damages model. *See generally* ECF No. 289.

The second model, totaling between $440 and $520 million as stated during EFS's Rule 30(b)(6) deposition, is inadmissible for two reasons. First, the amount of damages is speculative. EFS admitted that calculating damages related to its alleged intellectual property would "necessitate expert consultation." ECF No. 269-6 at 9. But EFS never disclosed a damages expert. And, during his deposition, Eran Levitin was unable to provide the formula he used to calculate these amounts. ECF No. 211-1 at 26-27.

Second, EFS did not disclose this damages model in its initial disclosures, and it is therefore inadmissible under Rule 37. EFS has not shown that its belated disclosure was harmless or resulted from excusable neglect. EIB had no opportunity to request documents in support of (or undermining) this theory of damages, and Eran Levitin could not provide sufficient information at the deposition to allow EIB to test this theory.

The third model, totaling between $49 million and $1.5 billion as set forth in Eran Levitin's belated proffer of testimony (ECF No. 311), is also inadmissible for two reasons. First, this computation was not timely disclosed during discovery. At the September 30, 2024 pretrial hearing, EFS admitted that it disclosed this damages

model to EIB for the first time on August 30, 2024, approximately one month before trial and four months after the close of discovery.[2]

Second, Eran Levitin's testimony about this damages model is inadmissible opinion testimony from a lay witness. *See* Fed. R. Evid. 701, 702. Although Eran Levitin may have personal knowledge about EFS's historical financial performance, any forward-looking estimates for anticipated future earnings is classic expert opinion. The proffer of testimony and accompanying damages worksheets, ECF No. 311, predict future earnings capacity using calculations that are routinely treated as expert opinions. *See Kearney*, 2007 WL 3231780, at *2.

Finally, EFS seeks disgorgement as a remedy for its unfair competition and tortious interference claims. *See* ECF No. 107 ¶¶ 67, 78. EIB seeks to preclude EFS from introducing evidence in support of disgorgement because EFS did not provide a computation of disgorgement under Rule 26(a)(1), nor did it provide discovery related to its request for disgorgement. *See* ECF No. 269 at 6. EFS's brief in opposition did not respond to this argument nor even mention disgorgement. *See generally* ECF No. 289. The Court therefore construes this portion of EIB's motion in limine as unopposed and will preclude evidence of disgorgement. *See United States v.*

---

[2] EFS incorrectly argued that its lay witness disclosure was timely under Fed. R. Civ. P. 26(a)(3). Rule 26(a)(3) sets forth requirements for certain pretrial disclosures — specifically witness lists, deposition designations, and exhibit lists.  Fed. R. Civ. P. 26(a)(3)(A). These pretrial disclosures must be made "*[i]n addition to* the disclosures required by Rule 26(a)(1)."  Fed. R. Civ. P. 26(a)(3)(A). EFS failed to follow the procedures and deadlines for damages disclosures as set forth in Rule 26(a)(1)(A)(iii), (a)(1)(C).

*Burroughs*, No. 22-CR-20192, 2024 WL 4347171, at *6 (S.D. Fla. Sept. 30, 2024) (construing motion in limine as unopposed when defendant failed to respond). Even if EFS had opposed this argument, it has not identified any evidence that it intends to use to establish a disgorgement award.

Based on the foregoing, EFS is precluded from eliciting testimony, presenting evidence, or making legal argument about its monetary damages and/or disgorgement remedies in its affirmative case at trial.

9.      Any other issues raised in the above-discussed Motions in Limine are DENIED without prejudice to being renewed at trial.

DONE and ORDERED in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 2nd day of October 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE